**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4464**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE KWABENA OFORI, a/k/a Stefan Lloyd Morally, a/k/a
Albert Ofori,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:09-cr-00515-TSE-1)

———————

Submitted:  November 29, 2010    Decided:  December 13, 2010

———————

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin Kent, LAW OFFICES OF BENJAMIN KENT, Centreville,
Virginia, for Appellant.  Neil H. MacBride, United States
Attorney, Michael W. Gaches, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Kwabena Ofori appeals the judgment of conviction entered after he was found guilty of one count of falsely claiming to be a United States citizen, in violation of 18 U.S.C. § 911 (2006), and one count of social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B) (2006). He claims the district court erred by admitting evidence of prior bad acts. Finding no error, we affirm.

Review of a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) is for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). In general, any evidence which tends to make the existence of a fact of consequence to an issue in the case "more probable or less probable" than without the evidence is relevant under Fed. R. Evid. 401 and therefore generally admissible under Fed. R. Evid. 402. Evidence of other crimes is not admissible to prove bad character or criminal propensity. Rule 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Id.; see Queen, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95.

2

Evidence of prior acts is admissible under Rule 404(b) and Fed. R. Evid. 403 if the evidence is (1) relevant to an issue other than the general character of the defendant, (2) necessary, and (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Queen, 132 F.3d at 997. A limiting jury instruction explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce evidence of prior acts provide additional protection to defendants. See id.

We conclude that the evidence was relevant and that the district court did not abuse its discretion in finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED